# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) ) ) | |
| vs. | ) ) | Case No. CR-07-247-M<br>CR-08-241-M |
| RAYMOND YOUNG, | ) ) | CR-08-242-M<br>(CIV-10-835-M) |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Raymond Young filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [docket no. 212 in CR-07-247-M; docket no. 41 in CR-08-241-M; and docket no. 40 in CR-08-242-M] on August 8, 2010. On December 9, 2010, the government filed its response, and on February 4, 2011, defendant filed a petition construed as a reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On April 29, 2009, pursuant to a plea agreement containing an appeal waiver, defendant pled guilty to five (5) counts of interference with commerce by robbery and one (1) count of brandishing a firearm during and in relation to a crime of violence. On April 29, 2009, the Court sentenced defendant to a term of imprisonment of 219 months. Defendant now collaterally challenges his conviction and sentence in a § 2255 motion.

II.  Discussion

Defendant raises three grounds for relief in his § 2255 motion, and the third ground has multiple facets. First, defendant asserts his due process rights under the Fifth and Sixth Amendments to the Constitution were violated because of his conviction on count three of the Indictment, *e.g.*, felon in possession of a firearm. Second, defendant asserts his due process rights

under the Fifth and Sixth Amendment to the Constitution were violated because the government allegedly has no power to punish an individual who travels in interstate commerce. Third, defendant asserts his counsel was ineffective because he: (1) failed to file proper motions to preserve defendant's right to attack the felon in possession of a firearm conviction; (2) failed to file objections to defendant not being a prior felon; (3) failed to file any motions or make objections; (4) did not file a notice of appeal; (5) failed to file a notice to the Court regarding defendant's alleged Post Traumatic Stress Disorder; and (6) failed to request a mental competency examination.

    A.    Waiver of Collateral Attack Rights

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the dispute [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . ." *Id.* at 1325.

        1.    Scope of the Waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

Paragraph 8 of defendant's plea agreement provides:

> Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
> a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any ruling on pretrial suppression motions or any other pretrial disposition of motions and issues;
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
> c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement, at ¶ 8 [docket no. 112].

The Court finds that the above-referenced provision effects a broad and unambiguous waiver of defendant's appeal and collateral attack rights. The Court concludes that defendant's grounds for collateral challenge do not fall into the exceptions to the waiver delineated in the plea agreement.

2. <u>Knowing and Voluntary</u>

A defendant bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement. *Hahn*, 359 F.3d at 1329. When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id*. at 1325. In this case, the plea agreement expressly provides that defendant "knowingly and voluntarily waives his right to...[a]ppeal or collaterally challenge" his conviction and sentence. Plea Agreement at ¶ 8. The plea agreement further provides, in the paragraph immediately preceding defendant and his counsel's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id*. at ¶ 18.

Additionally, during his change of plea hearing, the Court asked defendant whether his plea of guilty was the result of a plea agreement with the government, to which he responded in the affirmative. Change of Plea Tr. at 13. The Assistant United States Attorney prosecuting the case then summarized the relevant terms and conditions of the plea agreement, but only cursorily referenced the waiver of appellate rights and the waivers of collateral attack rights. *Id*. at 11. The Court then engaged in the following colloquy with defendant:

> THE COURT: Very well.
> Mr. Young, you have heard the lawyers talk about the terms of your plea agreement. Do the statements that have been said here about the Plea Agreement, do they represent your understanding of your plea agreement?
>
> THE DEFENDANT: Ah, yes, Your Honor. Ah, I understand some of it.
>
> MR. EARLEY: You have to understand it all.
>
> THE COURT: I was getting ready to say --

4

THE DEFENDANT: I understand it all, but my lawyer explained, like I didn't have no gun, but -- he explained it to me -- but I didn't have no gun, but I understand.

THE COURT: You understand all that you have agreed to and the consequences of all of that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Let me ask you, because I omitted to ask you, did you assist Mr. Earley in completing a multiple-page document called a Petition to Enter a Plea of Guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you provide all of these responses that Mr. Earley indicates here?

THE DEFENDANT: Yes, ma'am.

THE COURT: Were all of your responses, were they truthful responses?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that if any of these responses are not truthful answers, that you could then face a penalty of perjury for any untrue answers?

THE DEFENDANT: Yes, ma'am.

THE COURT: Very well.
The Court, then will accept the plea agreement in this case and will, at the appropriate time, on a motion of the Government, order the dismissal of the counts stated here in court.
Mr. Young, do you understand that you have right to plead not guilty and to persist in that plea of not guilty, if you have previously pled not guilty?

THE DEFENDANT: Yes, ma'am.
THE COURT: Are you satisfied with the services of your attorney, Mr. Bill Earley?

THE DEFENDANT: Yes, ma'am.

> THE COURT: Do you believe that Mr. Earley has done all that anyone could do as counsel to assist you?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 12-14. The Court did not specifically address defendant's waiver of collateral attack rights.

The Court finds that defendant knowingly and voluntarily waived his collateral attack rights, and that the Court's failure to address the waiver during the Rule 11 colloquy does not compel a contrary conclusion. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1173 n.2 (10th Cir. 2003) ("We have held that ... a [Rule 11] colloquy is not required if the record as a whole suggests that the defendant's waiver was knowing and voluntary."). The language of defendant's plea agreement is clear: it provides that defendant "knowingly and voluntarily waives his right to ... collaterally challenge" his conviction and sentence. Defendant later acknowledges, in open court, that his plea was entered pursuant to his plea agreement, and that he understood the terms of the agreement. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S 63, 74 (1977). Here, defendant's signed plea agreement and his "solemn declarations in open court" strongly suggest that his waiver was knowing and voluntary.

### 3. Miscarriage of Justice

A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's

"substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that defendant has not alleged the Court relied upon any impermissible factor such as race at his sentencing. Defendant was sentenced to 219 months' imprisonment and five years' supervised release. The guideline range for his offense was 219 to 252 months' imprisonment. Defendant's sentence, therefore, was at the bottom of the guideline range. Furthermore, defendant has not alleged that his counsel was ineffective in connection with negotiating the waiver contained in the plea agreement. The Court also notes that defendant has not alleged that enforcing his waiver of collateral attack rights will result in a miscarriage of justice. After carefully reviewing defendant's grounds for relief, the Court independently concludes that enforcement of his collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

   4.  Conclusion

Accordingly, for the reasons set forth above, the Court finds that defendant's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the claims defendant asserts in his § 2255 motion should be dismissed.

   B.  Ineffective Assistance Claim

Although the issue falls with the scope of the waiver, the Court is compelled to specifically address one of defendant's assertions – namely, that his defense counsel failed to "file a timely notice of appeal, where as a competent attorney would have done so, Thus causing prejudice and harm to the Defendant." Motion, at 7. Counsel for defendant avers that:

7

> counsel did not file a notice of appeal because Mr. Young did not request one.... Counsel recalls discussing with Mr. Young the viability of an appeal. Counsel advised Mr. Young that in counsel's opinion an appeal of his sentence would be unsuccessful. Counsel explained that before an argument could be made that the sentence was "unreasonable," he would first have to overcome the appeal waiver provision in the Plea Agreement. Counsel saw no basis for the Tenth Circuit to rule the waiver should be disregarded in Mr. Young's case.
>
> Counsel has filed notices of appeal in other cases where a client insists on an appeal in spite of counsel's opinion the appeal is frivolous or barred by the appeal waiver. As with those cases, counsel would have filed a notice of appeal in Mr. Young's case had he made the request.

Exhibit 3, Affidavit of William P. Earley, at 3. Defense counsel goes on to document at least three occasions where he met with defendant after his sentencing, and defendant did not request an appeal during any of those conversations. *Id*.

Having reviewed the parties' submissions, the Court finds that it strains credibility to believe that defendant at any time requested his counsel to file an appeal in this matter. To clarify, defendant does not assert that he requested an appeal and none was filed. Rather, he merely asserts that no appeal was filed where a competent attorney would have filed one on his behalf. This allegation is insufficient to afford defendant relief pursuant to 28 U.S.C. § 2255.

C. Hearing

As set forth above, defendant's motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001).

III.   Conclusion

The Court, therefore, DISMISSES defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 22nd day of February, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE